```
 1                    UNITED STATES DISTRICT COURT

 2                 EASTERN DISTRICT OF NEW YORK (BROOKLYN)

 3    VAN DOUG WALKER,
                                          Case No. 1:20-cv-06176-RPK
 4              Appellant,

 5    v.                                  Brooklyn, New York
                                          January 20, 2023
 6    ALAN NISSELSON, Bankruptcy
      Trustee,
 7
                Appellee.
 8

 9        TRANSCRIPT OF TELEPHONIC CONFERENCE ON PLAINTIFF'S APPEAL
                                 HEARING
10            BEFORE THE HONORABLE RACHEL P. KOVNER
                  UNITED STATES MAGISTRATE JUDGE
11
      APPEARANCES:
12    For the Plaintiff:           Van Doug Walker, Pro Se
                                   545 Halsey Street
13                                 Brooklyn, NY 11233

14    For the Appellee:            Edmund B. Troya, Esq.
                                   Windels Marx Lane & Mittendorf,
15                                 LLP
                                   156 West 56th Street
16                                 New York, NY 10019

17    Clerk:                       NCM

18    Court Recorder:              Electronic Sound Recording

19    Transcription Service:       Chris Hwang
                                   Abba Reporting
20                                 PO Box 223282
                                   Chantilly, Virginia  20153
21                                 (518) 302-6772

22


23


24    Proceedings recorded by electronic sound recording;
      transcript produced by transcription service.
25
```

**INDEX**

|  | Page |
|---|---|
| Court's Ruling | 10 |

1       (Call to order)
2              THE COURT:  Good afternoon, this case is Walker v.
3   Nisselson.  It's 20-CV-6176.  Do we have the Plaintiff on the
4   line?
5              MR. WALKER:  Yes, Van Walker is here, Your Honor.
6   How are you doing?
7              THE COURT:  Great.  And do we have Defense counsel on
8   the line?
9              MR. TROYA:  Good afternoon, Your Honor, Edmond Troya
10  of Windels Marx Lane & Mittendorf on behalf of Appellee Alan
11  Nisselson as trustee.
12             THE COURT:  Great.  So good afternoon and thanks to
13  you both for joining this call.  So this is a appeal that was
14  filed from an order of the bankruptcy court.
15             Mr. Walker had filed for bankruptcy in 2017.  And
16  then after that, the bankruptcy judge had appointed a trustee,
17  which is Mr. Nisselson.  And then, Mr. Nisselson's firm and Mr.
18  Nisselson -- Mr. Nisselson's firm, Windels Marx Lane &
19  Mittendorf, LLP, served as the trustees' attorneys.
20             After completing that engagement, Windels Marx filed
21  an application for compensation seeking $176,000 in fees.  The
22  firm eventually wrote down $111,978.96 of those fees.  And so,
23  it asked for $78,331.74 in the trustee's final report of
24  compensation and reimbursement in this case.
25             Judge Strong approved that report in a bankruptcy

1	court order dated October 14th of 2020.  And then, Mr. Walker
2	appealed that order, taking issue with Judge Strong's approval
3	of the trustee's attorneys' fees.
4	          So that's I think where we are in this Court.  And
5	I'm prepared to decide that appeal today.  I asked you all to
6	brief the question of standing.  So let me just talk about
7	that.  At the outset, the Court has jurisdiction to hear
8	appeals from judgments, orders, and decrees of the bankruptcy
9	court.
10	          And the district court has the independent obligation
11	to ensure that it has standing to review an appeal.  Standing
12	involves both constitutional limits on federal jurisdiction and
13	also prudential limits on the exercise of judicial power.
14	          Those prudential limits are under statutory standing,
15	which is a concept distinct from Article 3 and prudential
16	standing.
17	          When statutory standing is at issue, the Court may
18	determine that in some instances, the statutory standing rule
19	should not be applied and that it still has the power to hear
20	the case.
21	          So here, I think we're dealing with a statutory
22	standing question.  As a result, I don't think I need to decide
23	that question here.
24	          The Bankruptcy Code prescribes no limits on standing
25	beyond those that are implicit in Article 3.  Here, I'm citing

1    In Re:  DBSD North America, Inc., 634 F.3d 79, page 88 a 2nd
2    Circuit case from 2011, but for practical reasons, courts in
3    this circuit have quoted often the general rule loosely
4    modelled on the formal Bankruptcy Act that in order to have
5    standing to appeal from a bankruptcy court ruling, an appellant
6    must be "a person aggrieved".  That is, a person "directly and
7    adversely affected pecuniarily" by the challenge order of the
8    bankruptcy court.  And then, citing that same case In Re:  DBSD
9    at the same page.
10           Accordingly, whether a Chapter 7 debtor is a person
11   aggrieved and may object to a fee award is a question of
12   statutory standing.
13           And that's what the 2nd Circuit indicated in Drake v.
14   U.S. ex rel IRS, 622 F.App'x 42 at page 42 to 43, a 2nd Circuit
15   case from 2015.
16           And as a result, I can do what the 2nd Circuit did in
17   that case, which is to assume without deciding that Mr. Walker
18   does have statutory standing to object to Windel Marx's claim
19   in the bankruptcy court.
20           So I'm going to set aside the question of statutory
21   standing.  Appellant does have Article 3 standing because of he
22   succeeds on appeal and Windel Marx's fee is reduced, his
23   personal liability for nondischargeable tax liens would also be
24   reduced.  And that's what I gleaned from the parties' letters
25   or from the letter from the trustee, which is at Docket 11 at

1  page 2 to 3.

2          Okay, so turning to the merits, Judge Strong did not
3  abuse her discretion in approving the trustee's fee award.
4  Trustees may, quote, employ one or more attorneys...to
5  represent or assist the trustee in carrying out the trustee's
6  duties.  I'm quoting from 11 USC 326(a).

7          And this can include trust -- attorneys from the
8  trustee's own law firm.  And here, I'm citing In Re: Andover
9  Togs (phonetic), which is case 96-CV-7601 available at 2001
10 Westlaw 262605 at page *3.  That's an SDNY case from March 15th
11 of 2001.

12         Under Section 330, the Bankruptcy Code, "bankruptcy
13 judges may award reasonable fees to trustees and their
14 appointed professionals".  Here, I'm quoting Fetman, F-E-T-M-A-
15 N v. Musso, M-U-S-S-O, which is case 20-CV-160 or 2021 Westlaw
16 736445 at page *5, an EDNY case from February 25th of 2021.

17         I'm quoting the same case.  Quote, to determine the
18 amount of reasonable compensation to be awarded...a bankruptcy
19 court considers, one, the time spent on such services; two, the
20 rates charged; three, whether the services were necessary to
21 the administration of or beneficial at the time at which the
22 service was rendered toward the completion of a case; four,
23 whether the services were performed within a reasonable amount
24 of time commensurate with the complexity, importance, and
25 nature of the problem, issue, or task addressed; five, whether

1  the person is board certified or has demonstrated skill and
2  experience in the bankruptcy field; and six, whether the
3  compensation is reasonable based on the customary compensation
4  charged by comparably skilled practitioners in cases other than
5  cases under this title.
6           The decision to award fees and the amount of fees to
7  grant is within the sound discretion of the bankruptcy judge.
8  I'm citing the same case as a moment ago.
9           And it's reviewed only for an abuse of discretion.
10 And now I'm citing Sterling v. 1279 St. John's Place, LLC, 737
11 F.App'x 52, 53, a 2nd Circuit case from 2018.
12          And an abuse of discretion arises when the bankruptcy
13 judge fails to apply the proper legal standard or follows
14 improper procedures in determining a fee award or basis in
15 award on findings of fact that are clearly erroneous.
16          And here, I'm saying a 2nd Circuit decision, which is
17 Bernheim, B-E-R-N-H-E-I-M v. Damon, D-A-M-O-N, & Morey, M-O-R-
18 E-Y, LLP, which is case 6-BK-3386 or 2007 Westlaw 1858292 at
19 page 1, a 2nd Circuit case from June 28th of 2007.
20          When reviewing the bankruptcy court fee order
21 approving its fees for prudent fees for an abuse of discretion,
22 the district court focuses on whether there's a reasonable
23 basis in the record to support the propriety of the bankruptcy
24 judge's decision, not on whether the appellate court might have
25 ruled differently if it was presented with the same evidence.

1  And here, I'm quoting the same case that I quoted a moment ago,
2  the Bernheim case.
3      So, construed liberally, Mr. Walker makes two
4  arguments that the bankruptcy court abused its discretion when
5  awarding Windels Marx about $78,000 in fees.
6      First, the fail to consider that Windel Marx's
7  billing was "appalling" "simple and commonplace" tasks and
8  second, that this fee award was, quote, the lion's share of the
9  remainder of the cash on hand in the trustee's account.
10     But the bankruptcy court did not abuse its discretion
11 when it approved the fee award, because it made reasonable
12 factual findings and it properly applied the law.
13     The record shows that Windel Marx "spent a tremendous
14 amount of time in this case" largely because appellant "made it
15 overly complex" generating much more responsible work for the
16 firm.  And this is in a hearing transcript in the bankruptcy
17 court at 121 to 122.
18     Appellant did not dispute that point.  Moreover,
19 Windel Marx took a 70 percent discount on their billable hours
20 accepting a fee award that was more than $111,000 less than
21 their actual billed amount.
22     The bankruptcy court considered all of this note,
23 quote, how hard fought the matter had been.  And that's at page
24 138 of the transcript and noting that the trustee managed the
25 case efficiently and effectively.  That's at 139 of the

1   transcript before concluding that, quote, mindful of the entire
2   record...which I have been able to review...the trustee has met
3   its burden to show that the final report should be approved the
4   compensation commission's reimbursement of expenses...allowed
5   and the reductions that were taken by the trustee's firm and
6   its counsel...are part of what I rely on.  And that's at page
7   140.
8          Because the bankruptcy court considered the time
9   spent providing and the benefit provided by Windel Marx's
10  services, it did not abuse its discretion when applying Section
11  303 and approved in Windel Marx's award.
12         And for some similar cases, you can look to Fetman,
13  which is 2021 Westlaw 736445 at page *6.  In Re: Iannochiano,
14  I-A-N-N-O-C-H-I-A-N-O, 242 F.3rd at 47.
15         This conclusion is bolstered by Windel Marx's
16  voluntary fee reduction that I've already discussed and by the
17  billable hours that are generated by appellant's actions in the
18  case.
19         And Judge Strong's oversight of this, "protracted
20  years long bankruptcy for its duration", which gave her the
21  opportunity to evaluate first-hand the quality of Windel Marx's
22  performance.  And there, I'm paraphrasing the Fetman case that
23  I cited earlier, 2021 Westlaw 736445 at page *6.
24         Appellant asserts that the fee award constitutes the
25  lion's share of the cash on hand that's a disputed point, but

1    it's immaterial to my review of the bankruptcy court approval
2    under Section 303.
3              And also immaterial are appellant's assertions based
4    on state law that the -- based on state law because the
5    contested fee award is governed by federal bankruptcy law.
6              So, for all those reasons, I find the bankruptcy
7    court did not abuse its discretion when it approved the fee in
8    this case.  And so, I'm denying the appeal of the bankruptcy
9    court's order relating to fees and I'm closing this case.
10             Appreciate your all joining in the call today.  I
11   wanted to explain my reasoning to you orally, but I'll also do
12   a docket entry that reflects that the appeal has been denied
13   and the case has been closed.
14             Thanks so much.  I appreciate it.
15             MR. WALKER:  Your Honor.  Hello?
16        (Proceedings concluded)
17
18
19
20
21
22
23
24
25

1                              **CERTIFICATE**

2

3

4           I, Chris Hwang, court approved transcriber, certify

5    that the foregoing is a correct transcript from the official

6    electronic sound recording of the proceedings in the above-

7    entitled matter.

8

9

10

11

12

13          _____            August 2, 2023

14          Chris Hwang                     Date

15          Court Reporter

16

17

18

19

20

21

22

23

24

25